# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDER Y. USENKO, individually and on behalf of the SunEdison Retirement Savings Plan, and all other similarly situated Plan participants and beneficiaries,<br><br>      Plaintiff,<br><br>  v.<br><br>SUNEDISON, INC., et al.,<br><br>      Defendants. | Case No: 4:16-cv-00076 (RWS) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS
ALEXANDER Y. USENKO, JULIE DULL, ERIC O'DAY,
AND ROBERT LINTON'S MOTION TO RE-OPEN THIS ACTION
TO PROSECUTE CLAIMS AGAINST NON-DEBTOR DEFENDANTS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

I.  THE AUTOMATIC BANKRUPTCY STAY DOES NOT EXTEND
    TO NON-DEBTOR DEFENDANTS AND THIS ACTION
    SHOULD BE RE-OPENED ........................................................................................ 1

II. INFORMATION CALLED FOR BY THE COURT'S ORDER ........................................ 7

CONCLUSION ......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Cases                                                                                                                                   Pages

*Becker v. Chrysler LLC Health Care Benefits Plan*,
    2009 U.S. Dist. LEXIS 83703 (E.D. Wis. Aug. 24, 2009) ..............................................................4

*Buchanan v. Golden Casting Corp.*,
    2003 U.S. Dist. LEXIS 19879 (S.D. Ind. Oct. 10, 2003)................................................................4

*C.H. Robinson Co. v. Paris & Sons, Inc.*,
    180 F. Supp. 2d 1002 (N.D. Iowa 2001)...................................................................................5, 6

*Gernandt v. Sandridge Energy, Inc.*,
    5:15-cv-834-D (W.D. Okla. June 7, 2016) ....................................................................................5

*In re Panther Mountain Land Dev., LLC*,
    686 F.3d 916 (8th Cir. 2012) .....................................................................................................3, 6

*In re RCN Corp. ERISA Litig*,
    No. 04-B-13638 (RDD)(S.D.N.Y.)................................................................................................5

*In re SunEdison, Inc., et al.*,
    16-10992-SMB (Bankr. S.D.N.Y, Apr. 22, 2016) ....................................................................1, 8

*In re WorldCom, Inc., ERISA Litig.*
    263 F. Supp. 2d 745 (S.D.N.Y. 2003).............................................................................................4

*Leahy v. Trans Jones, Inc.*,
    996 F.2d 136 (6th Cir. 1993) .........................................................................................................4

*Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*,
    402 B.R. 571 (Bankr. S.D.N.Y. 2009)............................................................................................4

*Pub. Pension Fund Grp. v. KV Pharm. Co.*,
    2013 WL 1293816 (E.D. Mo. Mar. 28, 2013) ...............................................................................5

*Ritchie Capital Mgmt., L.L.C. v. Jeffries*,
    653 F.3d 755 (8th Cir. 2011) .....................................................................................................3, 6

*Sav–A–Trip, Inc. v. Belfort*,
    164 F.3d 1137 (8th Cir. 1999) ...................................................................................................... 3

*Tittle v. Enron Corp. (In re Enron Corp. Sec. Deriv. & ERISA Litig.)*,
 284 F. Supp. 2d 511 (S.D. Tex. 2003) ...................................................................................4, 5

**Statutes**

11 U.S.C. § 101 ...............................................................................................................................2

11 U.S.C. § 362 ...................................................................................................................2, 3, 4, 8

29 U.S.C. § 1104(a)(1) ...................................................................................................................2

Plaintiffs Alexander Y. Usenko, Julie Dull, Eric O'Day, and Robert Linton ("Plaintiffs"), respectfully submit this memorandum of law in support of their motion to re-open the above-captioned matter following the Court's April 26, 2016 Order administratively closing this case "[i]n light of the notice of bankruptcy filed by defendant SunEdison, Inc. and the resulting automatic stay of this action" (the "Order"). Plaintiffs have obtained an order from the court in *In re: SunEdison, Inc.,* Case No. 16-10992 (SMB) (S.D.N.Y.) (the "Bankruptcy Court") clarifying that the automatic stay does not affect the non-debtor defendants here. *See* Bankruptcy ECF No. 229; ECF No. 70. As a result of such Order, Plaintiffs request that this action be reopened so that Plaintiffs' claims can be pursued against the non-debtor defendants.

## ARGUMENT

**I.    THE AUTOMATIC BANKRUPTCY STAY DOES NOT EXTEND TO NON-DEBTOR DEFENDANTS AND THIS ACTION SHOULD BE RE-OPENED**

All the consolidated actions (the "Actions")[1], allege claims for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") against SunEdison, Inc. ("SunEdison" or the "Debtor") and the related fiduciaries of the SunEdison Retirement Savings Plan (the "Plan"), which was established as a benefit for SunEdison's employees. Defendants in the Action include: the Investment Committee, Antonio R. Alvarez, Ahmad R. Chatila, Emmanuel T. Hernandez, Peter Blackmore, Clayton C. Daley, Jr., Georganne C. Proctor, Steven V. Tesoriere, James B. Williams, Randy H. Zwirn, Matthew Herzberg, and State Bank & Trust Co. (the "Non-Debtor Defendants"). *See*, *e.g.*, ECF No. 1 at ¶¶ 3-16.

Plaintiffs allege that defendants breached their duties to the Plan and the class members who were participants in the Plan by, among other things, continuing to offer SunEdison

---

[1]    The Court consolidated the related ERISA class actions in this Court on March 8, 2016. ECF No. 33.

common stock as an investment option under the Plan when a reasonable fiduciary using the "care, skill, prudence, and diligence… that a prudent man acting in a like capacity and familiar with such matter would use" would have done otherwise. *See* ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).  The Actions allege that defendants permitted the Plan to continue to offer SunEdison stock as an investment option to Plan participants even after they knew or should have known that during the proposed class period (August 6, 2015 to the present) that:  (1) SunEdison stock was artificially inflated; (2) SunEdison was in extremely poor financial condition; and (3) SunEdison faced equally poor long term prospects, making it an imprudent retirement investment for the Plan.  Defendants were empowered, as fiduciaries, to remove SunEdison stock from the Plan's investment options, yet they failed to do that, or to act in any way to protect the interests of the Plan or its participants, in violation of their legal obligations under ERISA.  SunEdison's subsequent filing for bankruptcy protection on April 21, 2016 confirms the imprudence of investment in SunEdison stock, whose price at the start of the relevant period was more than $17.00 per share.

On April 25, 2016, all defendants, except State Street, filed a Notice of Automatic Stay and Suggestion of Bankruptcy for SunEdison, notifying this Court that, as a result of SunEdison's bankruptcy filing on April 21, 2016, "any further action against the Debtor is stayed under Bankruptcy Code section 362(a)." ECF No. 50 at 1.  Only the corporate defendant SunEdison filed a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.*, as amended (the "Bankruptcy Code").  The notice did not request that these Actions be stayed as to Non-Debtor Defendants. On April 26, 2016, the Court, *sua sponte,* issued the Order administratively closing the Actions, including as against the Non-Debtor Defendants. ECF No. 52.

5

Plaintiffs notified this Court that they had retained specialized bankruptcy counsel and would seek clarification from the bankruptcy court as to the scope of the automatic stay. *See* ECF Nos. 59 and 61. On June 6, 2016, after filing of the motion and notice, the Bankruptcy Court entered an order granting Plaintiffs' motion. Plaintiffs filed notice of that Order in this Court on June 8, 2016. ECF Nos. 67, 70.

Plaintiffs respectfully submit that the Actions should now be re-opened so that it can continue as against the Non-Debtor Defendants.[2] This is consistent with both well-established precedent and the recent order entered in the Bankruptcy Court, which provided, *inter alia,* that "the Automatic Stay shall not prevent the Consolidated ERISA Action from proceeding as against the Non-Debtor Defendants." ECF No. 70, Ex. A at p.2; s*ee In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012) (""unusual," "rare," or "limited" circumstances" … have real meaning, and we have not lightly extended the stay."); *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir. 2011) (case must involve unusual circumstances "even if they are in a similar legal or factual nexus with the debtor.") (internal quotations omitted); *Sav–A–Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir.

---

[2] Other complex cases involving the Debtor are proceeding against non-debtor defendants. For example, there are numerous securities actions proceeding in the Northern District of California. *Bloom et al. v. Chatila et al.*, No. 3:16-cv-02265 (N.D. Cal. Apr. 26, 2016); *Cobalt Partners, LP et al. v. SunEdison, Inc. et al.*, No. 3:16-cv-02263 (N.D. Cal. Apr. 26, 2016); *Glenview Capital Partners, LP et al. v. SunEdison, Inc. et al.*, No. 3:16-cv-02264 (N.D. Cal. Apr. 26, 2016); *Omega Capital Investors, L.P. et al v. SunEdison, Inc. et al.*, No. 4:16-cv-02268 (N.D. Cal. April 26, 2016); *Beltran v. Terraform Global, Inc. et al*, No. 5:15-cv-04981 (N.D. Cal. Oct. 29, 2015); *Pyramid Holdings, Inc. v. Terraform Global, Inc. et al*, No. 5:15-cv-05068 (N.D. Cal. Nov. 5, 2015); *Badri v. Terraform Global, Inc. et al*, No. 5:16-cv-02269 (N.D. Cal. Apr. 26, 2016); *Iron Workers Mid-South Pension Fund v. Terraform Global, Inc. et al.*, No. 5:16-cv-02270 (N. D. Cal. Apr. 26, 2016); *Patel et al. v. Terraform Global, Inc. et al.*, No. 5:16-cv-02272 (N. D. Cal. Apr. 26, 2016) (same); *Fraser et al. v. TerraformGlobal, Inc. et al.*, No. 5:16-cv-02273 (N.D. Cal. Apr. 26, 2016); *Oklahoma Firefighters Pension and Retirement System v. SunEdison, Inc. et al.*, No. 5:16-cv-02267 (N. D. Cal. Apr. 26, 2016). There is also a derivative action pending in the Chancery Court of Delaware. *See In re TerraForm Power, Inc. Deriv. Litig.*, C.A. No. 11898-CB (Del. Ch. Mar. 29, 2016).

1999) (upholding district court's refusal to extend automatic stay to bankrupt firm's officers, including firm's president and vice president). This is particularly true in the ERISA context. *Buchanan v. Golden Casting Corp.*, 2003 U.S. Dist. LEXIS 19879, at *11 (S.D. Ind. Oct. 10, 2003) (finding that "individual plan fiduciaries are not protected from prosecution by a § 362 automatic stay of suits against the employer"); *Leahy v. Trans Jones, Inc*., 996 F.2d 136 (6th Cir. 1993) (permitting appeal to proceed against the individual fiduciaries of the plan at issue); *Becker v. Chrysler LLC Health Care Benefits Plan*, 2009 U.S. Dist. LEXIS 83703 (E.D. Wis. Aug. 24, 2009) (vacating stay against healthcare plan). SunEdison's 'bankruptcy does not shield [the Non-Debtor Defendants] from liability because an employer's bankruptcy has no effect on a suit brought by an employee against the . . . plan's fiduciaries." *Buchanan*, 2003 U.S. Dist. LEXIS 19879, at *5. As the court noted in *Chrysler*, "[t]he reason why employee benefit plans are not protected by the automatic stay provision of 11 U.S.C. § 362 is that the employer itself has no property interest in the plan." 2009 U.S. Dist. LEXIS 83703, at *3.

Significantly, no defendant in the Actions here sought relief from the bankruptcy court to extend the automatic stay; SunEdison consented to Plaintiffs' motion and the Non-Debtor never filed any motion to extend the automatic stay to themselves. Moreover, these Actions have effectively been stayed for the usual time allowed to non-debtor defendants at the early stages of a bankruptcy proceeding. In similar circumstances, sixty days has been deemed a sufficient amount of time. *See e.g., Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*, 402 B.R. 571, 594 (Bankr. S.D.N.Y. 2009) (enjoining creditors from pursuing remedies against the non-debtor parent).

Of note, ERISA litigation in both *In re Enron Corp.* and *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003), the two largest and most complicated Chapter 11

7

bankruptcy proceedings in the history of American jurisprudence, continued despite the bankruptcy proceedings.[3] *See, e.g.*, *Tittle v. Enron Corp. (In re Enron Corp. Sec. Deriv. & ERISA Litig.)*, 284 F. Supp. 2d 511, 543 (S.D. Tex. 2003). Both those debtors filed and confirmed plans of reorganization in the face of active ERISA litigation in which the debtors and their retirement plans fiduciaries participated and provided discovery. In a directly analogous case, the Bankruptcy Court allowed an ERISA action to proceed against a debtor-defendant for the purpose of collecting insurance proceeds. *See In re RCN Corp.*, No. 04-B-13638 (RDD) (S.D.N.Y.) (order entered April 1, 2005 permitting the naming of RCN as a nominal defendant in an ERISA action brought in New Jersey, *In re RCN Corp. ERISA Litig.*, No. 04-CV-5068 (D.N.J.)).

Here SunEdison's consent to Plaintiffs' motion to clarify that the automatic stay did not extend to the Non-Debtor Defendants is evidence that the prosecution of the claims poses no prejudice to the Debtor at this time. *See C.H. Robinson Co. v. Paris & Sons, Inc.,* 180 F. Supp. 2d 1002, 1015 (N.D. Iowa 2001) ("the Eighth Circuit Court of Appeals would agree with those courts that . . . require that the debtor affirmatively move the bankruptcy court to extend the automatic stay to actions involving non-bankrupt codefendants"); *Pub. Pension Fund Grp. v. KV Pharm. Co.*, 2013 WL 1293816, at *3 (E.D. Mo. Mar. 28, 2013) (lifting stay as to non-debtors that had been imposed *sua sponte* after receiving notice of filing of bankruptcy, finding that imposition of stay was "inappropriate" in light of authority indicating that non-debtor

---

[3]   Defendants have sought to provide this Court with an order from the Western District of Oklahoma which extended the automatic stay to non-debtor defendants in *Gernandt v. Sandridge Energy, Inc.*, 5:15-cv-834-D (W.D. Okla. June 7, 2016)(ECF No. 71). The order is not relevant to the case at bar. As the order makes clear, the *Sandridge* court found, *inter alia*, that "unusual circumstances" did exist warranting the extension of the stay to the non-debtor defendants and took into consideration the fact that the reorganization was being performed on an expedited basis. Order at 4. None of those factors are present here.

should have sought relief in bankruptcy court). Moreover, Plaintiffs and the class, however, will not be made whole in the bankruptcy proceedings.

The Non-Debtor Defendants would bear a heavy burden to demonstrate that the stay should be extended to them because "the unusual circumstances in which the bankruptcy court can stay cases against non- debtors are rare."[4] *In re Panther Mountain, LLC*, 686 F.3d at 921; *see also C.H. Robinson*, 180 F. Supp. 2d at 1015-16 (explaining that the Eighth Circuit has been very reluctant to allow application of the bankruptcy stay to non-bankrupt co-defendants, and emphasized that the stay should be extended only in "truly extraordinary cases"). The bankruptcy stay is properly extended to non-bankrupt co-defendants only where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Ritchie Capital Mgmt.*, 653 F.3d at 762-63 (noting that the automatic stay will apply to non-debtors only when "'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate'").  Here, there has been no suggestion that there exists the kind of "unusual circumstances" that would merit the extension of the automatic stay to the Non-Debtor Defendants nor have SunEdison or Non-Debtor Defendants moved to extend the automatic stay to the Non-Debtor Defendants.

As in many class actions, much of the information relevant to the claims against the non-debtor fiduciaries in the Actions may be obtained only from that particularized sub-set of

---

[4]  Defendants filed a consolidated response to the various motions regarding the Court's April 26, 2016 orders in both this Action and a federal securities action on or about May 13, 2016 that provided no information regarding the Non-Debtors Defendants' specific involvement in the Company's reorganization.  ECF No. 57.  The May 13 filing provided generic reasons for continuing the stay at this time and provides no basis for extending the stay under any theory at this time.  Moreover, the Debtor has, among other things, retained an outside consultant to serve as Chief Restructuring Officer further diminishing any conceivable role of the Non-Debtor Defendants in the Debtor's reorganization efforts.

9

SunEdison personnel who administered the Plan at issue and other third parties. This is unlikely to result in duplicative discovery for other parties. Of course, any overlapping discovery could easily be coordinated. However, if the prosecution of the Actions is stayed for any additional significant length of time, much of this critical information and knowledge may well be lost. Human recollection inevitably fades as time passes. Similarly, pertinent documents currently in the possession of the non-debtor fiduciaries might be lost or discarded, even inadvertently.

Plaintiffs will likely be irreparably harmed by waiting for the bankruptcy proceedings to conclude. SunEdison has more than $16 billion in debt and is incurring millions of dollars in fees and expenses in connection with bankruptcy reorganization on a weekly basis. *See, e.g.*, Bankruptcy ECF No. 415 (Notice of First Monthly Statement of Skadden, Arps, Slate, Meagher & Flom LLP for Compensation For the Period of April 21, 2016 through April 30, 2016).

## II.     INFORMATION CALLED FOR BY THE COURT'S ORDER

In the Order, the Court requested that any motion to re-open the Actions contain the information set forth below. Plaintiffs respectfully submit that this information demonstrates that the Court should re-open the Actions so that Plaintiffs may proceed as against the Non-Debtor Defendants.

a.     ***the facts and procedural history, including any significant occurrences in the bankruptcy proceedings;***

The Court consolidated the ERISA class actions on March 8, 2016. ECF No. 33. At the time that the Court administratively closed these Actions, lead counsel motions were *sub judice*.

On April 21, 2016, SunEdison and certain of its affiliates filed their petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. SunEdison has continued to operate its respective businesses as

10

a debtor-in-possession. As debtor-in-possession, it has sought and obtained permission from the Bankruptcy Court to, among other things, secure post-petition financing, pay certain critical pre-petition claims, and maintain its existing insurance policies and pay all insurance obligations. *See In re SunEdison, Inc., et al.*, 16-10992-SMB (Bankr. S.D.N.Y, Apr. 22, 2016).

Among other things, SunEdison has filed motions seeking the entry of orders of the Bankruptcy Court "Authorizing Modification of the Automatic Stay, to the Extent Applicable, to Allow For Reimbursement and/or Payment Of Defense Costs And Fees Under Directors and Officers Insurance Policies." *In re SunEdison, Inc. et al.*, 16-10992-SMB (Bankr. S.D.N.Y, Apr. 22, 2016) (ECF No. 33). This Action is specifically identified in the Debtor's motion to allow for payment of defense costs. *See id*. at Ex. C.

As discussed above, Plaintiffs sought clarification from the Bankruptcy Court that this action may proceed against the Non-Debtor Defendants in these Actions which relief was granted by the Bankruptcy Court on June 6, 2016.

b. *the issues remaining for determination by this Court;*

All of the legal and factual issues remain for determination by this Court as against the Non-Debtor Defendants. The case would remain stayed against SunEdison.[5] , except for the liability of the Debtor Defendant (with respect to which the automatic stay under section 362 of the Bankruptcy Code remains in effect).

c. *the potential for settlement, and the status of any settlement discussions;*

The parties have not yet engaged in any settlement discussions.

---

[5]   The eventual conclusion of the bankruptcy proceedings will not affect the prosecution of these Actions as Plaintiffs expect that the claims against SunEdison will be dismissed by the Bankruptcy Court.

11

      d.      *whether a Rule 16 scheduling conference is requested;*

Plaintiffs Alexander Y. Usenko, Julie Dull, Eric O'Day, and Robert Linton request that the Court rule on their pending motion to appoint Lead Counsel for plaintiffs, after which they believe it would be appropriate for the Court to schedule a Rule 16 conference.

      e.      *the status of discovery;*

No discovery has been exchanged.

      f.      *whether significant pretrial motion practice, including the filing of potentially dispositive motions, is anticipated;*

Plaintiffs expect that Non-Debtor Defendants will file a motion to dismiss following the filing of a consolidated complaint. Plaintiffs will file a motion for class certification after the requisite discovery is conducted.

      g.      *the date by which it is reasonably likely that the case would be ready to proceed to trial; and*

Plaintiffs request a trial date in January 2018.

      h.      *the estimated length of trial.*

Plaintiffs expect that it will take 2-3 weeks to try this matter.

## **CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully request that the Court re-open the above-captioned matter.

Dated: June 14, 2016

*/s Francis A. Bottini, Jr.*
**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (Admitted *Pro Hac Vice*)
Albert Y. Chang (Admitted *Pro Hac Vice*)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: 858-914-2001
Facsimile: 858-914-2002
Email: fbottini@bottinilaw.com
Email: achang@bottinilaw.com

*Counsel for Plaintiffs Dull and O'Day*


*/s Lori G. Feldman*
**LEVI & KORSINSKY LLP**
Lori G. Feldman (Admitted *Pro Hac Vice*)
Timothy J. Straub (Admitted *Pro Hac Vice*)
30 Broad Street, 24th Floor
New York, NY 10004
Telephone: 212-363-7500
Facsimile: 212-363-7171
Email: lfeldman@zlk.com
Email: tstraub@zlk.com

*Counsel for Plaintiff Linton*

Respectfully submitted,

*/s Mark Potashnick*
**WEINHAUS & POTASHNICK**
Mark Potashnick, E.D. MO # 41315MO
11500 Olive Blvd., Suite 133
St. Louis, MO, 61341
Telephone: 314-997-9150
Facsimile: 314-997-9170
Email: markp@wp-attorneys.com


*/s Robert I. Harwood*
**HARWOOD FEFFER LLP**
Robert I. Harwood (*Admitted Pro Hac Vice*)
Daniella Quitt (*To Be Admitted Pro Hac Vice*)
Tanya Korkhov (*Admitted Pro Hac Vice*)
488 Madison Avenue
New York, NY 10022
Telephone: 212-935-7400
Facsimile: 212-753-3630
Email: rharwood@hfesq.com
Email: dquitt@hfesq.com
Email: tkorkhov@hfesq.com

*Counsel for Plaintiff Usenko*

*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on all counsel of record via the Court's electronic case filing system on this 14th day of June, 2016.


   */s Mark Potashnick*

13